## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER BIDDLE and<br>PAUL FRENIER, | ) | Case No.   2022-01888 |
| | ) | |
| Plaintiffs, | ) | *Electronically Filed* |
| | ) | |
| vs. | ) | |
| | ) | |
| REC BOAT HOLDINGS d/b/a FOUR<br>WINNS, and ANCHOR BOATS, | ) | |
| | ) | |
| Defendants. | | |

### NOTICE OF REMOVAL

Defendants, Rec Boat Holdings, LLC d/b/a Four Winns (improperly pled as "REC Boat Holdings d/b/a Four Winns") ("RBH") and Anchor Boats, Inc. (improperly pled as "Anchor Boats" ("Anchor"), hereby remove this action from the Court of Common Pleas of Bucks County ("BCCP") to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1331, and, alternatively, §§1332.  In support of this Notice of Removal, Four Winns and Anchor state the following:

### I.        COMPLIANCE WITH STATUTORY REQUIREMENTS

1.        Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this Notice of removal in the United States District Court for the Eastern District of Pennsylvania, written notice of such filing will be given to Plaintiffs' Counsel of Record and a copy of the Notice of Removal will be filed with the BCCP Prothonotary.

### II.        PROCEDURAL AND FACTUAL BACKGROUND

2.        Plaintiffs, Jennifer Biddle and Paul Frenier (collectively "Plaintiffs"), first filed this action on April 25, 2022, against RBH and Anchor in the BCCP, April Term, 2022, Case No. 2022-01888.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.      Plaintiffs served Anchor with the Complaint via certified mail on May 6, 2022.

4.      Plaintiffs served RBH with the Complaint via certified mail on May 9, 2022.

5.      In the Complaint, Plaintiffs set forth claims of violations of the Magnuson-Moss Warranty Act (15 U.S.C. §2301), breach of warranty, unfair trade practice and violation of consumer protection laws, and requests that Plaintiffs' alleged revocation of acceptance of the Contract be honored. See Exhibit A.

6.      Specifically, Plaintiffs allege that they were sold a boat, trailer, and engine by RBH and Anchor that were unable to be used for their intended purpose due to RBH's and Anchor's allegedly ineffective repair of same, causing Plaintiffs to suffer financial damages. See Exhibit A, ¶¶ 5, 8, and 11-18.

### III.    GROUNDS FOR REMOVAL

7.      Removal is timely filed within thirty (30) days of Defendant's first receipt of the Summons and Complaint, which in the present case, occurred, in the first instance, on May 6, 2022. See 28 U.S.C. §1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc. 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

8.      Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Eastern District of Pennsylvania is the federal district embracing the court where Plaintiffs filed suit.

**A.      This Court has Original Federal Question Jurisdiction over Plaintiffs' Magnuson-Moss Claim Pursuant to 28 U.S.C. §1331 and, thus, May Exercise Supplemental Jurisdiction Over all Remaining Claims.**

9.      Title 28, Section 1441(a) of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.     This action is one over which the Court has jurisdiction because it arises under the "laws…of the United States." 28 U.S.C. §1331. In this matter, Plaintiffs allege, *inter alia*, that RBH and Anchor violated the Magnuson-Moss Warranty Act, a federal statute. See Exhibit A, ¶¶ 22-28.

11.     Pursuant to the Magnuson-Moss Warranty Act, suit may be filed in "any court of competent jurisdiction in any State or the District of Columbia; or in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1) (1975).  The relevant limitation in subsection (3) of 15 U.S.C. §2310 requires that claims be more than $50,000 (exclusive of interest and costs) for the action to be cognizable. Id.

12.     Plaintiffs' Complaint includes allegations that Plaintiffs' total purchase price for the relevant boat, trailer, and engine was $91,931, more than the $50,000 minimum requirement of the Magnuson-Moss Warranty Act. See Exhibit A, ¶ 6.

13.     While RBH and Anchor deny both Plaintiffs' allegations and claimed entitlement to relief, based on Plaintiffs' allegations and the amount at issue, all requirements for jurisdiction have been met and this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331.

14.     Further, this Court has supplemental jurisdiction over Plaintiffs' additional causes of action under 28 U.S.C. §1367, which states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form party of the same case or controversy." According to Plaintiffs'

Complaint, Plaintiffs' federal and state law claims both arise from the same set of events, i.e. Plaintiffs' purchase of a boat. <u>See</u> <u>generally</u> Exhibit A.

15.     Thus, this action is removable to this Court pursuant to 28 U.S.C. §1441 (a).

**B.     This Court has Original Diversity Jurisdiction Pursuant to 28 <u>U.S.C.</u> §1332(a) because the Parties are Completely Diverse, and the Amount in Controversy Exceeds $75,000.**

16.     This Court also has original jurisdiction over the Action pursuant to 28 <u>U.S.C.</u> §1332(a). Under Section 1332, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…. Citizens of different states…" 28 <u>U.S.C.</u> 1332 (a)(1).

17.     The requirements for diversity jurisdiction are met as this is a civil action with an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

18.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. <u>See</u> 28 <u>U.S.C.</u> §1332 (a)(1) (an individual is a citizen of the state in which she or he is domiciled). "'Domicile is an individual's true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" <u>Zelnick v. Douglas</u>, 3:09-CV-0543, 2009 WL 890931, at *1 (M.D. Pa. Mar. 30, 2009) <u>citing</u> <u>Frett-Smith v. Vanterpool</u>, 511 F.3d 396, 401 (3d Cir. 2008).

19.     Here, according to their Complaint, Plaintiffs are presently, and at the time of the filing of this action were, residents and citizens of the City of Levittown, State of Pennsylvania. <u>See</u> Exhibit A, ¶1.

20.     RBH is a Michigan based Limited Liability Company organized under the laws of the State of Delaware, with a principal place of business located at 925 Frisbie Street, Cadillac, MI 49601. See Exhibit B- Declaration of William Kruger, ¶4.

21.     For the purpose of removal jurisdictions, the citizen requirement for limited liability companies is determined by the "citizenship of each of its members" Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

22.     RBH's sole member entity is Beneteau Group America, Inc. ("Beneteau"). See Exhibit B, ¶5.

23.     Beneteau is a Delaware corporation with its principal place of business in the State of Maryland. See Exhibit B, ¶5.

24.     Anchor is a Maryland corporation with a principal place of business located at Rt. 272, North East, MD, 21901. See Exhibit C – Declaration of Matthew Trainer.

25.     Pursuant to 28 U.S.C. §1332(c)(1), a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" Anchor is incorporated in Maryland and has its sole place of business in Maryland.  Therefore, Anchor is a citizen of Maryland.

26.     Because both RBH and Anchor are citizens of different states than Plaintiffs, there is complete diversity of citizenship pursuant to 28 U.S.C. §1332.

27.     Further, Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, excluding interest and costs. 28 U.S.C. § 1332(a); Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333 (1977). As aforesaid, the Plaintiffs' claims are in excess of $75,000 as the Complaint alleges that the retail price of the relevant boat, trailer, and engine is $91,931.

**IV.**     **CONCLUSION**

28.     For the foregoing reasons, removal is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

29.     No waiver and no admission of fact, law, or liability, including, without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated:  May 26, 2022                    By: _/s/ Geoffrey F. Sasso_
                                        Geoffrey F. Sasso, Esq. (PA Bar ID 202936)
                                        Evan M. Goldsmith, Esq. (PA Bar ID 329969)
                                        Buchanan Ingersoll & Rooney PC
                                        Two Liberty Place
                                        50 S. 16th Street, Suite 3200
                                        Philadelphia, PA  19103
                                        Phone:     (215) 665-8700
                                        Facsimile: (215) 665-8760
                                        E-mail:    geoffrey.sasso@bipc.com
                                                   evan.goldsmith@bipc.com
                                        *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a true and correct copy of the foregoing Notice of

Removal was filed via the Court's electronic filing system and served upon the following parties

upon acceptance by the Clerk:

> Michael Power, Esquire
> Power & Associates, P.C.
> 1790 Wilmington Pike
> Glen Mills, PA 19342
> *Attorneys for Plaintiffs*

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated:  May 26, 2022                        By: */s/ Geoffrey F. Sasso*
                                                      Geoffrey F. Sasso, Esq. (PA Bar ID 202936)
                                                      Evan M. Goldsmith, Esq. (PA Bar ID 329969)
                                                      Buchanan Ingersoll & Rooney PC
                                                      Two Liberty Place
                                                      50 S. 16th Street, Suite 3200
                                                      Philadelphia, PA  19103
                                                      Phone:      (215) 665-8700
                                                      Facsimile: (215) 665-8760
                                                      E-mail:      geoffrey.sasso@bipc.com
                                                                         evan.goldsmith@bipc.com
                                                      *Counsel for Defendants*