## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER BIDDLE and | : | |
| PAUL FRENIER, | | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | No. 22-2074 |
|     v. | : | |
| | : | |
| REC BOAT HOLDINGS d/b/a | : | |
| FOUR WINNS and | : | |
| ANCHOR BOATS, | | |
|     Defendants. | : | |

## EXPLANATION AND ORDER

Jennifer Biddle and Paul Frenier – citizens of Pennsylvania – filed this lawsuit in state court against REC Boat Holdings, LLC ("RBH") and Anchor Boats, Inc. ("Anchor"). RBH is a Delaware LLC with its principal place of business in Michigan, and Anchor is incorporated and based in Maryland. RBH and Anchor removed the lawsuit, asserting federal question jurisdiction under 28 U.S.C. §1331, and diversity jurisdiction under 28 U.S.C. §1332(a). Defendants move to dismiss this suit for lack of personal jurisdiction, improper venue, and failure to state a claim.

For the following reasons, the Court finds that it lacks personal jurisdiction over both Defendants, and therefore transfers the case to the United States District Court for the District of Maryland.

### A.  Personal Jurisdiction

If a defendant moves to dismiss a lawsuit for lack of personal jurisdiction pursuant to Rule 12(b)(2), then the plaintiff bears the burden of demonstrating the facts that establish jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). Accordingly, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of [Pennsylvania's] authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). For a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant "have certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Defendants move to dismiss for lack of personal jurisdiction. Plaintiffs contend that this Court has both general and specific jurisdiction over REC Boat Holdings, LLC ("RBH") and Anchor Boats, Inc. ("Anchor"). As to RBH, Plaintiffs base their argument on the presence of an "authorized dealer" of RBH products, The Boat Shop, in Tafton, PA. As to Anchor, Plaintiffs argue that Anchor is the sole retailer of RBH products serving southeastern Pennsylvania, as it is located only twelve miles from the Pennsylvania-Maryland border.

## 1. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919. The paradigm forums, in which a corporation is reasonably

regarded as at home, are the place of incorporation and the principal place of business. *Daimler*, 571 U.S. at 137.

Neither Defendant is "essentially at home" in Pennsylvania. REC Boat Holdings, LLC is organized under Delaware law, and has its headquarters and principal place of business in Michigan. Anchor Boats, Inc. is incorporated and located entirely in Maryland. Accordingly, this Court lacks general jurisdiction over both Defendants.

### 2. Specific Jurisdiction

The analysis of whether a forum state has sufficient minimum contacts to exercise specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer*, 433 U.S. at 204). The minimum contacts necessary to create specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Specific jurisdiction "depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (quoting von Mehren & Trautman, Jurisdiction To Adjudicate: A Suggested Analysis, 69 Harv. L. Rev. 1121, 1136 (1966)).

A plaintiff must establish three key elements to show that a court has specific personal jurisdiction over a defendant. "First, the defendant must have 'purposefully directed [its] activities' at the forum." *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Third,

"a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476). "[I]n order to comply with due process, a defendant must deliberately target the forum state such that it 'may reasonably anticipate being haled into court there.'" *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir.2001) (internal quotation and citations omitted). The "fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident*." Mellon Bank (E.) PSFS, Nat. Ass'n*, 960 F.2d at 1223 (3d Cir. 1992).

Plaintiffs have not satisfied their burden to show that this Court may exercise specific jurisdiction over either Defendant. The Boat Shop, RBH's only authorized dealer in the state, sells boats made by a number of manufacturers, and RBH exercises no control over its daily operations. Even if the presence of an authorized retailer in Pennsylvania were sufficient to show that RBH "purposefully directed" activities towards this state, Plaintiffs acknowledge that they did not purchase the boat in question from The Boat Shop. They purchased it from Anchor, located in Maryland. Because RBH's limited contacts with Pennsylvania do not rise to the level of purposefully directing its activities at the state, and the cause of action does not "arise from or relate to" those contacts, the exercise of specific jurisdiction would not comport with traditional notions of fair play and substantial justice.

As to Anchor, Plaintiffs offer no proof that Anchor has purposefully directed its activities towards Pennsylvania other than generalized assertions that Anchor is located twelve miles from the Pennsylvania-Maryland border, and therefore must have purposefully targeted the Pennsylvania market. Accordingly, the exercise of specific jurisdiction over Anchor by this Court would also be improper.

### B. Transfer of Action

The remaining question is whether to dismiss the case, or transfer it to an appropriate venue. 28 U.S.C. § 1631 directs courts, upon a finding "that there is a want of jurisdiction," to transfer actions "if it is in the interest of justice . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed[.]" At the telephone conference held on September 14, 2022, all parties agreed that, in the event this Court found that there was a lack of personal jurisdiction, this action should be transferred to Maryland, the state in which the boat was purchased and taken for repairs. Because this suit could originally have been brought in Maryland, and transfer will prevent duplicative filing costs and the various administrative burdens that arise from a dismissal, such a transfer is in the interest of justice.

**AND NOW**, on this 22nd day of September, 2022, it is **ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 13) is **RESOLVED**. The case is transferred to the United States District Court for the District of Maryland.

\_\_\_\_s/ANITA B. BRODY, J._____

ANITA B. BRODY, J.

Copies **VIA ECF**